UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE D. SWANN,                          )
                                            )
              Plaintiff,                    )
                                            )        CAUSE NO. 3:14-CV-1888 PS
        vs.                                 )
                                            )
CHARLES WILSON, *et al.*,                   )
                                            )
              Defendants.                   )

## OPINION AND ORDER

Terrance D. Swann, a *pro se* prisoner, filed a complaint alleging that three guards

used excessive force against him. Pursuant to 28 U.S.C. § 1915A, I must review the

merits of this complaint and dismiss it if the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.

Swann alleges that just before 8 p.m. on August 22, 2013, Sgt. Thomas Potts and

Sgt. Charles Wilson sprayed him with a chemical agent. He states that Lt. Christopher

Dustin then handcuffed him. Swann alleges that Lt. Dustin and Sgt. Wilson then

repeatedly hit him in the head and face while escorting him to a cell where they left him

without medical attention or the ability to clean off the chemical agent. These

allegations plausibly allege that the three officers used excessive force against Swann

"maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*,

475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Though Swann did

not provide any description of his injuries, given the nature of the beating he has

described, he has also plausibly alleged that he was denied medical treatment. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (the Constitution is violated when a defendant is deliberately indifferent to a medical condition that a layperson would obviously recognize needed a doctor's attention)

In addition, Swann also names the Indiana Department of Correction as a defendant. However, the Eleventh Amendment precludes a suit for damages against a state and its agencies. *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987). Though Swann asks for injunctive relief ordering the Department to review and enforce its policies,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate <u>federal rights</u>, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the <u>Federal right</u>, and use the least intrusive means necessary to correct the violation of the <u>Federal right</u>. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted; emphasis added). Because the PLRA does not permit injunctive relief based on a prison policy, the Indiana Department of Correction will be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** Terrance D. Swann, leave to proceed against Sgt. Thomas Potts, Sgt. Charles Wilson, and Lt. Christopher Dustin in their individual capacities for compensatory and punitive damages for subjecting him to an excessive use of force and

denying him medical treatment on August 22, 2013, in violation of the Eighth

Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** the Indiana Department of Correction;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 form for Sgt.

Thomas Potts, Sgt. Charles Wilson, and Lt. Christopher Dustin to the United States

Marshals Service along with a copy of the complaint and this order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d),

to effect service of process on Sgt. Thomas Potts, Sgt. Charles Wilson, and Lt.

Christopher Dustin ; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Thomas Potts, Sgt.

Charles Wilson, and Lt. Christopher Dustin respond, as provided for in the Federal

Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), to only the claims for which the

plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: October 1, 2014

s/Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT