UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE D. SWANN,            )
                              )
        Plaintiff,             )
                              )   CAUSE NO. 3:14-CV-1888 PS
    vs.                       )
                              )
CHARLES WILSON, *et al.*,     )
                              )
        Defendants.            )

## OPINION AND ORDER

In this case, Terrance D. Swann, a *pro se* prisoner, is suing Sgt. Thomas Potts, Sgt. Charles Wilson, and Lt. Christopher Dustin for subjecting him to an excessive use of force and denying him medical treatment on August 22, 2013, at the Indiana State Prison. Those defendants filed a motion for summary judgment on the ground that Swann did not properly exhaust his administrative remedies because prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In this case, the grievance at issue is identified as #78331. However, the defendants have not submitted a copy of either the Level I or Level II grievance form that Swann filed. Rather, they have merely described it in their brief (DE 37 at 4-5), argued that it did not exhaust his administrative remedies (DE 37 at 8-9), attached a declaration from a grievance specialist discussing it (DE 37-2 at 4-5), attached a printout which lists every grievance Swann has ever filed which includes this one (DE 37-4 at 1),

and attached an Offender Grievance Case Report which details the history of this grievance (DE 37-5). What is missing is a copy of the grievance[1] and appeals that Swann actually filed. I want to see those original documents, not merely the State's interpretations of them.

Pursuant to Federal Rule of Civil Procedure 56(e)(4), the summary judgment motion (DE 36) is **DENIED** with leave to re-file. When the defendants re-file, they need not reprint nor serve all of the materials previously submitted. Rather, they need only cite to them in the record and provide Swann with the notice as required by N.D. Ind. L.R. 56-1(f). Swann will then have 28 days to file a response as provided for by L.R. 56-1(b)(1) or seek an enlargement of time as provided for by L.R. 6-1(a).

**SO ORDERED**.

ENTERED: August 21, 2015

                                           s/Philip P. Simon
                                           CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT

---

[1] Although the defendants have not filed the original grievance, Swann has filed what appears to be the original grievance in connection with his response brief. (DE 42 at 7.) If this is the original grievance, then the defendants need to let me know that this is, indeed, an authentic copy of the original grievance, or they need to file their own.