UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TERRANCE D. SWANN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | CAUSE NO. 3:14-CV-1888 PS |
| vs. | ) ) | |
| CHARLES WILSON, *et al.*, | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Terrance D. Swann, a *pro se* prisoner, is suing prison guards Sgt. Thomas Potts, Sgt. Charles Wilson, and Lt. Christopher Dustin who are alleged to have used excessive force against him while he was being housed at the Indiana State Prison. The defendants have filed a motion for summary judgment (DE 53) on the ground that Swann did not properly exhaust his administrative remedies. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The alleged assault on Swann took place on August 22, 2013 while Swann was being held at ISP. The following day, Swann was transferred to the Westville Correctional Unit. In his complaint Swann says that the defendants beat him up, pepper-sprayed him, and denied him medical care before he was transferred out of ISP. He further alleges that upon his arrival at Westville, the denial of medical care continued and he was also deprived of basic hygiene needs, like a shower, by various officers at that facility. But none of those officers at Westville have been sued in this

case. To repeat, Swann's complaint is limited to the officers at ISP and the excessive use of force they allegedly used against him. It is true that Swann filed a grievance, but that grievance (and the appeal of its denial) only addressed the events that occurred at Westville. No grievance was ever filed about what took place at ISP, and this failure to exhaust his administrative remedies, according to the defendants, is what mandates summary judgment.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). In ruling on a motion for summary judgment motion, I must view all of the facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Seventh Circuit takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Swann acknowledges that there was a grievance system and argues that he used it. DE 58-1 at 3. He points to Grievance #78331. DE 58-1 at 6 and 14. In their reply brief, the defendants state that they "are not suggesting that Plaintiff did not file a grievance; Defendants are stating that Plaintiff did not file a grievance regarding excessive force or denial of medical treatment on the part of officers at Indiana State Prison." DE 59 at 4.

So the issue is whether Grievance #78331 adequately exhausted Swann's administrative remedies as to his claim that Sgt. Thomas Potts, Sgt. Charles Wilson, and Lt. Christopher Dustin used excessive force against him and denied him medical treatment at Indiana State Prison on August 22, 2013. There are four reasons why I am convinced that Grievance #78331 did not exhaust Swann's administrative remedies.

First, Swann wrote that the date of the incident about which he was grieving was August 23-27, 2013. DE 56-1 at 2 and DE 58-1 at 14. The events at issue in this lawsuit — the alleged beating at ISP — occurred on August 22, 2013. And while this may seem like a hyper technicality, it isn't because as of August 23, 2013, he was no longer housed in ISP and was instead at Westville.

Second, Swann directed this grievance to the Executive Assistant at the Westville Correctional Unit. *Id.* The Offender Grievance Policy provides that an "offender shall deal directly with the Executive Assistant at the facility where the complaint arose." DE 38-1 at 36. The events at issue in this lawsuit occurred at the Indiana State Prison. Again, this may seem like a technicality, but when combined with the date issue above, it starts to become clear that Swann's grievance was related only to the allegedly poor treatment he received at Westville and *not* the incidents that previously occurred at ISP, which are the subject of this lawsuit.

Third, the relief Swann sought in his grievance was "a new mattress and compensation for violation of my religious practice and compensation for retaliation that was cruel and unusual punishment by Capt. Payne." DE 56-1 at 2 and DE 58-1 at

3

14. Here again, none of that is related to the claims at issue in this lawsuit. Instead, those complaints relate to what occurred in Westville.

Fourth, though the grievance mentions that Swann had been pepper sprayed and beaten up by officers at the Indiana State Prison, the appeal of that grievance makes no mention of either of those events. Here is what Swann wrote in the grievance:

> On 8/23/2013, I was brought to W.C.U. in the condition of being pepper sprayed and beat up by officers from I.S.P. I was refused medical attention and shower, being placed in D pod room 107 observation cell. During this time, I had to lay on a urinated smelling mattress, sheet and blanket that was left in the cell. While in this cell from the 23-26th, I was refused hygiene and showers (making it to where I could not bring in Salaat prayers). Once I was moved to C-6-202, I still was refused a shower until the 27th. I was given the same urine smelling mattress in which I still have . . .
> Also I was not allowed to have anything while in this cell, do [sic] to sweating. I had to endure the sensation of burning from the pepper spray.

DE 56-1 at 2 (ellipsis in original).

For Swann to have exhausted claims about being peppered sprayed and beaten, he needed to have included them in his appeal of the denial of his grievance. The grievance process is clear that "[a]ppeals must address the basic issue of the grievance." DE 37-3 at 23. But Swann never addressed the supposed beating at ISP in his appeal. Here is what Swann wrote in his appeal:

> On August 23-27th, I was denied a shower; from the 23-26 I was denied medical treatment; from 23 August - Sept. 5, I was stuck with a piss (urine) mattress that I had to sleep on. From August 23-26, I also had to lay and sleep on urinated sheets and blankets.)
> _ _ _ _ _ _ _ _ _ _ _ _ _ _

> Tim Bean fail to address the denial of my showers from August 23-27th; he also failed to address why I had to sleep on a urinated mattress and blanket and sheets that someone else clearly urinated on.
> Also Mr. Bean's mis-statement of facts, clearly, clearly shows his lack of interest to enforce I.D.O.C. policy and to protect the proper functioning of Westville.
> (I was not read any O.C. chemical warning; I did complain to the nurse about injury and it was not Capt. Payne who gave me hygiene when I requested it.

DE 56-1 at 3 (line in original). The appeal addresses only the allegedly poor treatment he received from Westville personnel upon arriving at Westville and does not mention anything that happened at ISP. He very clearly states that he is complaining about his lack of medical care from August 23-27, when he was at Westville, and he fails to mention the ISP officer's alleged conduct at all. Because Swann did not include the issues raised in this lawsuit in his grievance appeal, he did not complete the grievance process as to those issues. Thus he did not exhaust the administrative remedies that were available to him as required by 42 U.S.C. § 1917e(a).

One might reasonably wonder what the purpose of exhaustion is in the context of claims of excessive use of force. It's one thing to require exhaustion when there is an ongoing harm. Suppose a Jewish prisoner who keeps kosher is being served nonkosher meals. A grievance can remedy that problem. But it is harder to see how the administrative process can do anything about an excessive use of force. It's not like the administrative process can undo a beating. But the Seventh Circuit tells me that "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the

5

prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole*, 438 F.3d at 808-09 (citations and quotations omitted).

It is true that exhaustion applies only to administrative remedies that are "available" and when a prisoner is medically incapable of filing a grievance before a deadline expires, the remedies are not actually available. *White v. Bukowski*, 800 F.3d 392, 395 (7th Cir. 2015). But as *White* points out, sometimes a grievance can "provide nonmonetary relief, such as disciplinary measures against officers" who committed the assault. *Id*. So *White* is not controlling here. Instead, this case is governed by *Porter v. Nussle*, 534 U.S. 516 (2002), which held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and *whether they allege excessive force* or some other wrong." *Id*. at 532 (emphasis added).

For all of these reasons, I conclude that Grievance #78331 did not exhaust Swann's administrative remedies as to his claim that Sgt. Thomas Potts, Sgt. Charles Wilson, and Lt. Christopher Dustin used excessive force against him and denied him medical treatment on August 22, 2013, at the Indiana State Prison. Because "exhaustion must precede litigation," *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004), the defendants' summary judgment motion must be granted. Because "all dismissals under § 1997e(a) should be without prejudice," this case will be dismissed without prejudice. *Id.* at 401.

For these reasons, the defendants' motion for summary judgment (DE 53) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED**.

ENTERED: December 22, 2015

                                                      s/Philip P. Simon
                                                      CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT